UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SUZANNE VALERIE, Personal
Representative for the Estate of
Anthony McManus

      Plaintiff,

v.                                                                          Case No. 2:07-cv-5
                                                                                                      HON. R. ALLAN EDGAR

H. TIM ANSELL, et al.,

      Defendants.
_____/

## *REPORT AND RECOMMENDATION*

        Plaintiff Suzanne Valerie, as personal representative for the estate of Anthony McManus, filed this 42 U.S.C. § 1983 action against defendants. The decedent was a prisoner at the Baraga Correctional Facility. At his death the decedent, weighed approximately 75 pounds and lost approximately one half his body weight during the preceding four months. Plaintiff alleges that the decedent was deprived of food and water by correctional officials and that he received, at best, inadequate medical care.

        Defendants Dr. Frontera[1] and Nancy Hulkoff filed separate motions to dismiss the first amended complaint against them. Defendants argue that there exists no actionable allegations against them in the first amended complaint and alternatively if the court does not dismiss the complaint that plaintiff should be required to file a more definite statement. Plaintiff has now filed a second amended complaint.

---

[1] Plaintiff and defendants have used Frontera and Fontera throughout the pleadings. For purposes of consistency I will use Frontera in this recommendation which is the spelling used throughout the exhibits attached to the pleadings.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355 U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 355 U.S. at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

Plaintiff's second amended complaint specifically names defendants Fernando Frontera, M.D., and Nancy Hulkoff. Plaintiff alleges that Dr. Frontera noted that decedent refused to be seen by medical staff on July 7, 2005. Plaintiff alleges that Dr. Frontera failed to follow up and evaluate decedent's health condition based upon decedent's significant weight loss and failed to make observations of the decedent. In September 2005, defendant nurse Hulkoff observed decedent during rounds, and did nothing despite decedent's severe emaciation.

In Count III of the second amended complaint, plaintiff alleges that defendants Frontera and Hulkoff violated decedent's Eighth and Fourteenth Amendment rights by disregarding decedent's serious medical needs. In Count VI of the second amended complaint, plaintiff raises a state law claim of gross negligence against defendants Frontera and Hulkoff.

In the opinion of the undersigned, plaintiff's second amended complaint clearly states claims for relief against defendants Frontera and Hulkoff. The second amended complaint renders defendants' motions to dismiss moot. Accordingly, it is recommended that defendants Frontera's and Hulkoff's motions to dismiss (Docket #72 and #75) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

                                       /s/ Timothy P. Greeley
                                       TIMOTHY P. GREELEY
                                       UNITED STATES MAGISTRATE JUDGE

Dated:   August 24, 2007