UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SUZANNE VALERIE, Personal Representative
for the Estate of Anthony McManus,

    Plaintiff,

v.                                                      Case No. 2:07-cv-5
                                                      HON. R. ALLAN EDGAR

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Suzanne Valerie is the estate representative of Anthony McManus, a former prisoner housed at the Baraga Maximum Correctional Facility (AMF). Plaintiff seeks damages pursuant to 42 U.S.C. § 1983 and the Michigan Wrongful Death Act, MCL § 600.2921, for the alleged deliberate indifference by prison officials with respect to the treatment of Anthony McManus. Plaintiff's complaint includes a claim for punitive damages under 42 U.S.C. § 1988. Currently before the Court is defendants' Motion to Dismiss Plaintiff's Claim for Punitive Damages (Docket #219). The parties have fully briefed the matter and oral argument was presented. During oral argument, Assistant Attorney General Peter Govorchin, who represents some of the defendants in this case, suggested that if the Court found punitive damages were available, the recent Supreme Court decision in *Exxon Shipping Company v. Baker*, 128 S.Ct. 2605 (2008), established a punitive damages cap of a 1:1 ratio to a compensatory damages award. Following the oral argument on defendants' motion to dismiss the punitive damages claim, the parties were given an opportunity to

file additional briefs on defendants' argument that if punitive damages are available, a cap of a 1:1 ratio to compensatory damages should be applied. The parties have fully briefed the issues presented and the matter is ready for a decision.

This case involves the death of Anthony McManus, who was housed at the Baraga Maximum Correctional Facility at the time of his death. According to the complaint, McManus died because the defendants[1] made no effort to provide McManus with appropriate medical treatment for his mental condition. According to the complaint, as a result of this condition, McManus suffered from metabolic abnormalities secondary to self-inflicted emaciation. In April of 2005, McManus was 5'6" and weighed approximately 140 pounds. McManus weighed 90 pounds in July of 2005. At the time of his death, McManus weighed 75 pounds. According to the complaint, defendants were deliberately indifferent to McManus' severe mental condition and allowed him to starve himself to death.

> Defendants maintain that:
>
> Sometimes conventional wisdom gets it wrong. "The sun orbits the earth." "The earth is flat." Both of these ideas were widely held by experts and lay people alike for long periods of time. Of course, both were wrong. In law, similar long-held beliefs, beliefs that guided the resolution of claims and disputes over decades, can also turn out to be wrong. The realization that a widely-held and accepted belief is wrong is not recognized until someone asks the question and the court(s) actually consider the issue.

*See* Defendants Ansell, et al's Brief in Support of Motion to Dismiss Plaintiff's Claim for Punitive Damages (Docket #220) at page 2.

---

[1] There are presently 42 defendants in this case, including guards, nurses, medical staff, and other prison officials.

Defendants argue that plaintiff's punitive damage claim was extinguished upon the death of Anthony McManus pursuant to operation of Michigan's survival and wrongful death statutes. MCL §§ 600.2921-2922. Both parties recognize that a prisoner civil rights action brought pursuant to 42 U.S.C. § 1983 provides for the opportunity to seek punitive damages. Defendants, however, maintain that upon the death of Anthony McManus, the right to recover punitive damages extinguished with him. According to defendants, the Michigan Wrongful Death Act establishes the damages to which plaintiff is entitled and prohibits the recovery of punitive damages.

Defendants rely on the Sixth Circuit's decision in *Frontier Ins. Co. v. Blaty*, 454 F.3d 590 (6th Cir. 2006). The *Frontier* case dealt with the death of a two-year-old girl while in foster care. In *Frontier*, the plaintiff made a claim for damages on behalf of the two-year-old decedent for loss of enjoyment of her future life. The defendants in *Frontier* maintained that pursuant to MCL § 600.2922(6), a claim for loss of enjoyment of a decedent's future life is not available. According to the defendants in this case, the Sixth Circuit ruled that the federal court could not award damages which were not allowed by Michigan's Wrongful Death Act and, accordingly, the Sixth Circuit struck the claim for loss of enjoyment damages. Defendants in this case rely upon the statement by the Sixth Circuit in *Frontier*: "To the extent that Congress intended that awards under § 1983 should deter the deprivation of constitutional rights, there is no evidence that it meant to establish a deterrent more formidable than that inherent in the award of compensatory damages." *Frontier*, 454 F.3d at 603.

The United States Supreme Court has long recognized that § 1983 is a guarantee of basic federal rights against a state power and was enacted to protect people from unconstitutional actions taken under color of state law. *See Mitchum v. Foster*, 407 U.S. 225, 238-39 (1972). In *Carey v. Piphus*, 435 U.S. 247 (1978), the Court explained that punitive damages could be awarded

in a § 1983 civil rights action for the purpose of deterring or punishing a state actor for the violation of constitutional rights. *Id*. at 257, n. 11. *See also Smith v. Wade*, 461 U.S. 30 (1983); *Gordon v. Norman*, 788 F.2d 1194, 1199 (6th Cir. 1986).

The courts in this district have consistently held that punitive damages are available under circumstances similar to those presented in this complaint. *See Swans v. City of Lansing*, 65 F.Supp.2d 625 (W.D. Mich. 1998); *Vine v. Ingham Co.*, 884 F.Supp. 1153 (W.D. Mich. 1995). Recently, counsel for defendants in this action presented this identical argument to Judge Arthur Tarnow in the case of *Park Murphy v. Gilman*, 551 F.Supp.2d 677 (W.D. Mich. 2008). Judge Tarnow ruled that "[p]unitive damages were correctly awarded pursuant to §§ 1983 and 1988 and *Gordon [v. Norman*, 788 F.2d 1194 (6th Cir. 1986)]. The absence of provision for them under the Michigan wrongful death statute is irrelevant." Defendants contend that Judge Tarnow did not adequately address their argument. Frankly, it is my opinion that Judge Tarnow gave this argument the consideration it deserved. No court has accepted the argument that has been presented by the defendants in this case. Furthermore, there is a long history of the courts of this district, of this circuit, and of the Supreme Court upholding the right to seek punitive damages in a § 1983 action.

In *Gordon v. Norman*, the court explained:

> Punitive damages for deprivation of civil rights may be awarded when the defendant wilfully and intentionally violates another's civil rights or when the defendant acts with reckless or callous indifference to the federally protected rights of others. *Smith v. Wade*, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983). The allowance of such damages involves an evaluation of the nature of the conduct in question, the wisdom of some form of pecuniary punishment, and the advisability of a deterrent. Therefore, the infliction of such damages, and the amount thereof when inflicted, are of necessity within the discretion of the trier of fact. *Busche v. Burkee*, 649 F.2d 509, 520 (7th Cir. 1981).

> Federal standards govern the determination of damages under the civil rights statutes. *See* 42 U.S.C. § 1988; *Sullivan v. Little Hunting Park, Inc.*, 396 U.S. 229, 238-40, 90 S.Ct. 400, 405-06, 24 L.Ed.2d 386 (1969). Thus, punitive damages may be awarded under § 1983 even where they would not normally be recoverable under the local law in the state where the violation occurred. *Garrick v. City and County of Denver*, 652 F.2d 969, 971 (10th Cir. 1981); *see also McDaniel v. Carroll*, 457 F.2d 968 (6th Cir. 1972) (state common law may be used on issue of damages where it better serves the policies expressed in the federal statutes). Defendants' assertion that the award of punitive damages should be limited by application of Tennessee law is without merit.

788 F.2d at 1199.

Plaintiff's complaint alleges that defendants were deliberately indifferent to a serious medical condition suffered by Anthony McManus. Furthermore, plaintiff maintains that defendants allowed, and, in fact, took actions which encouraged McManus' condition to worsen and result in him starving himself to death. Defendants maintain that punitive damages are not necessary in this case because the compensatory damages would be adequate as a deterrent from the alleged conduct in the future. The compensatory damages awarded by a jury in this case may not be significant. If the evidence establishes a willful and intentional violation of McManus' constitutional rights, compensatory damages may not act as an adequate deterrent. In my opinion, the allegations of the complaint support a claim for punitive damages.

Defendants next argue that if this Court concludes that punitive damages are available, they should be limited to a 1:1 ratio as found by the Supreme Court in *Exxon Shipping Co. v. Baker*, 128 S.Ct. 2605 (2008). For the reasons stated by Judge Gibson in footnote 46 of *Hayduk v. City of Johnstown*, No. 3:2005-294, 2008 WL 2669477 (W.D. Penn. June 30, 2008) (a copy of which is attached), I recommend that the Court find this argument to be without merit.

Accordingly, it is respectfully recommended that defendants' Motion to Dismiss Plaintiff's Claim for Punitive Damages (Docket #219) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3.  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   September 23, 2008