UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SUZANNE VALERIE, as Personal Representative
for the Estate of ANTHONY MCMANUS
Deceased,

    Plaintiff,
v.                                                       Case No. 2:07-cv-5
                                                          HON. R. ALLAN EDGAR

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

**MEMORANDUM**

      Plaintiff Suzanne Valerie brings this action on behalf of Anthony McManus alleging constitutional violations pursuant to 42 U.S.C. § 1983 ("Section 1983") and gross negligence under Michigan law against forty-two separate defendants, including the Michigan Department of Corrections ("MDOC") and an assortment of individuals, including guards, nurses, medical staff, and other prison officials (collectively "Defendants"). The action stems from alleged conduct of Defendants that led to the death of prison inmate, Anthony McManus.

      Defendant Robert Reynolds moves this court for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. [Court Doc. No. 345]. Plaintiff opposes Defendant Reynolds' motion. [Court Doc. No. 366]. The court has reviewed the arguments of the parties, the applicable record, and the pertinent law and has determined that Defendant Robert Reynolds' motion will be treated as a motion for summary judgment and will be **GRANTED**.

**I.     Background**

This case involves the alleged actions of the Defendants as they pertain to the death of Anthony McManus, a prisoner who was housed at the Baraga Maximum Correctional Facility at the time of his death on September 8, 2005. On August 24, 2007 Plaintiff filed her Second Amended Complaint naming "Guard Reynolds" as a defendant in this action. [Court Doc. No. 103, Second Amended Complaint]. The Second Amended Complaint states that "Guard Reynolds" was employed during the relevant time period as a Corrections Officer at the Baraga Correctional Facility. Second Amended Complaint, ¶ 14. It further alleges, pursuant to Section 1983, that "Guard Reynolds" violated Mr. McManus' Eighth and Fourteenth Amendment rights. It also asserts a claim of gross negligence under Michigan law against "Guard Reynolds". *Id.*

On November 26, 2007 Defendant Robert Reynolds signed a Waiver of Service of Summons indicating that he waived the right to service of process in the manner provided by Federal Rule of Civil Procedure 4. [Court Doc. No. 131]. No other "Guard Reynolds" signed a waiver of service. On January 7, 2008 Mr. Reynolds filed his Answer to the Second Amended Complaint, as well as his Affirmative Defenses. [Court Doc. Nos. 143, 144].

Mr. Reynolds attaches his deposition transcript to his motion to dismiss. [Court Doc. No. 345-2, Deposition of Robert Reynolds ("R. Reynolds Dep.")]. In his deposition, Mr. Reynolds testified that he did not have any recollection of seeing Mr. McManus while he was alive and that his only knowledge of Mr. McManus came from what he had heard from other individuals. R. Reynolds Dep., p. 12. He further testified that another corrections officer named Kelly Reynolds also worked at the Baraga Maximum Correctional Facility during the summer of 2005. *Id.* at p. 16. He indicated that he has no knowledge of Mr. McManus' case. *Id.* at pp. 16-17. He heard

about Mr. McManus' death "after the fact" and only heard that an inmate had passed away. *Id.* at p. 17. He only became privy to more details when he was named as a potential defendant. *Id.* Mr. Reynolds confirmed that he was not the "Guard Reynolds" whom Plaintiff intended to sue. *Id.* at p. 18. During the deposition Mr. Reynolds' attorney suggested that Plaintiff seek discovery regarding the last known whereabouts of Mr. Kelly Reynolds, an individual who allegedly no longer works at the Baraga Maximum Correctional Facility, but who potentially knew Mr. McManus.

**II.     Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must read all well-pleaded allegations of the complaint as true." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996)). In addition, a court must construe all allegations in the light most favorable to the plaintiff. *Bower*, 96 F.3d at 203 (citing *Sinay v. Lamson & Sessions*, 948 F.2d 1037, 1039 (6th Cir. 1991)). The Supreme Court has recently explained "an accepted pleading standard" that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, __ U.S. ___, 127 S.Ct. 1955, 1969 (2007). The complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner*, 108 F.3d at 88 (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)). "To survive a Rule 12(b)(6) motion, factual allegations must be enough [to] raise a right to relief above the

speculative level." *Nader v. Blackwell*, 545 F.3d 459, 472 (6th Cir. 2008).

      However, as the Sixth Circuit has explained,

> [w]hen reviewing a motion to dismiss a district court may not consider matters beyond the complaint. If the district court considers evidence outside the complaint, it effectively converts the motion to dismiss to a motion for summary judgment. The district court must then give the parties a " 'reasonable opportunity to present all material made pertinent to such a motion by Rule 56.'"

*Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008) (citing *Kostrezewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001) (other citations omitted)); *see also*, *Higgason v. Stephens*, 288 F.3d 868, 873 (6th Cir. 2002). Defendant Reynolds has attached his deposition transcript to his motion to dismiss [Court Doc. No. 345-2]; therefore, this court will treat his motion to dismiss as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Although Plaintiff opposes the motion to dismiss and had the opportunity to provide this court with evidence beyond the Second Amended Complaint supporting her position, she failed to provide this court with additional evidence beyond the allegations in the complaint.

      Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The burden is on the moving party to show conclusively that no genuine issue of material fact exists, and the Court must view the facts and all inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Morris v. Crete Carrier Corp.*, 105 F.3d 279, 280-81 (6th Cir. 1997); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943 (6th Cir. 1990); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987).

Once the moving party presents evidence sufficient to support a motion under Fed. R. Civ. P. 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. The nonmoving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *White*, 909 F.2d at 943-44; *60 Ivy Street*, 822 F.2d at 1435. The moving party is entitled to summary judgment if the nonmoving party fails to make a sufficient showing on an essential element of the nonmoving party's case with respect to which the nonmoving party has the burden of proof. *Celotex*, 477 U.S. at 323; *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of the witnesses, and determine the truth of the matter. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *60 Ivy Street*, 822 F.2d at 1435-36. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see also Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 140 (6th Cir. 1997). If the Court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *University of Cincinnati v. Arkwright Mut. Ins. Co.*, 51 F.3d 1277, 1280 (6th Cir. 1995); *LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).

### III. Analysis

### A. Plaintiff's Claims Against Mr. Robert Reynolds

Section 1983 states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. To establish a claim pursuant to Section 1983, a plaintiff must demonstrate two elements: "(1) the defendants deprived [plaintiff] of a right, privilege, or immunity secured to [him] by the United States Constitution or other federal law; and (2) the defendants caused the deprivation while acting under color of state law." *Cunningham v. Sisk*, 2003 WL 23471541, *5 (E.D. Tenn. 2003) (citing *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000)). Section 1983 " 'creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere.' " *Alexander v. Haymon*, 254 F.Supp.2d 820, 830 (S.D. Ohio 2003) (quoting *Gardenhire v. Schubert*, 205 F.3d 303, 310 (6th Cir. 2000)).

Mr. Reynolds argues that Plaintiff's claims against him should be dismissed due to Plaintiff's inability to demonstrate that he played any role in the alleged constitutional violations against Mr. McManus. He relies on his deposition indicating he had no personal involvement in the care or treatment of Mr. McManus. R. Reynolds Dep.

Plaintiff opposes Mr. Reynold's motion to dismiss, but not because she has presented any evidence to suggest that Mr. Reynolds knew, cared for, or treated Mr. McManus, or even that he was aware of Mr. McManus' condition. Instead, Plaintiff asserts that Mr. Reynolds' motion

should be denied in order to force MDOC to produce the correct "Guard Reynolds."

Mr. Reynolds is correct that Plaintiff must demonstrate that he had some kind of personal involvement in the alleged violation of Mr. McManus' constitutional rights. In *Copeland v. Machulis*, the Sixth Circuit affirmed the district court's award of summary judgment to the defendant where the plaintiff failed to demonstrate that the defendant was "personally involved" in the alleged constitutional violations. 57 F.3d 476, 481 (6th Cir. 1995). *See also, Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998); *Bennett v. Schroeder*, 99 Fed.App'x. 707, 712-13 (6th Cir. 2004). The United States Supreme Court has held that " '[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.' " *Salehpour*, 159 F.3d at 206 (quoting *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)). The Sixth Circuit has held that liability under Section 1983 "must be based upon active unconstitutional behavior" and a plaintiff needs to prove that the defendant "did more than play a passive role in the alleged violation or showed mere tacit approval of the events." *Salehpour*, 159 F.3d at 206.

Plaintiff does not attempt to provide any evidence of a constitutional right held by Mr. McManus that Mr. Robert Reynolds violated. Without such evidence creating a genuine issue of material fact that Robert Reynolds was personally involved in the alleged constitutional violations against Mr. McManus, Plaintiff's Section 1983 claims against Mr. Reynolds must fail. As the Sixth Circuit found in *Bennett*, Plaintiff has failed to establish an essential element of her Section 1983 claim because she cannot show that Mr. Reynolds "personally participated in the alleged deprivation of [Mr. McManus'] constitutional rights." 99 Fed.App'x. at 714.

In addition, a claim for gross negligence under Michigan law requires that a plaintiff demonstrate the following elements:

> (1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another.
> (2) Ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand.
> (3) The omission to use such care and diligence to avert the threatened danger when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another.

*People v. McCoy*, 566 N.W.2d 667, 669 (Mich. App. 1997). Plaintiff's claim for gross negligence against Mr. Robert Reynolds must fail because she cannot demonstrate that Mr. Reynolds had any personal knowledge of a situation involving care and diligence to avoid injury to Mr. McManus. Because Mr. Reynolds had no knowledge of Mr. McManus' situation and had never seen or met him, there is no way Plaintiff can demonstrate the elements of a claim for gross negligence against Robert Reynolds under Michigan law.

For these reasons, Mr. Reynolds' motion to dismiss will be **GRANTED**.

### B.     Plaintiff's Request to Amend Her Complaint

Plaintiff opposes Mr. Reynolds' motion to dismiss not because she contends that Mr. Reynolds played some role in Mr. McManus' death, but because "defense counsel should be estopped from seeking outright dismissal of Plaintiff's claims against 'Guard Reynolds.'" [Court Doc. No. 366, p. 3]. She asks this court to order the MDOC to produce the "Guard Reynolds" referred to in the Second Amended Complaint and to allow her to amend her complaint to name the correct defendant. However, Plaintiff has not filed a motion to amend her complaint.

Plaintiff's reliance on *Billman v. Indiana Dep't. of Corrections* is inapposite. 56 F.3d 785 (7th Cir. 1995). In that case the district judge dismissed the entire complaint of a pro se

prisoner plaintiff because he did not know the name of the offending corrections officer and because he had been unable to conduct an investigation into the incident at issue. *Id.* at 790. In this action, Plaintiff is not representing herself pro se, and this court is not contemplating dismissal of Plaintiff's entire lawsuit.

Nor does the court oppose the use of discovery to identify "Guard Reynolds" more fully. *See e.g., Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985)(noting that rather than dismissing the complaint entirely the court should have allowed plaintiff to identify unknown officer through discovery or ordered the disclosure of the officer's identity); *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (plaintiffs should be given opportunity to identify "John Doe" defendants through discovery). Indeed, it appears that Defendants' attorney disclosed the suspected identity of the correct "Guard Reynolds" during Robert Reynolds' deposition. *See* R. Reynolds Dep. Therefore, the court will decline to allow Plaintiff to amend her complaint at this time. Rather, the court will consider such a request, as well as an argument regarding the relation back of the amendment pursuant to Fed. R. Civ. P. 15(c) if and when the Plaintiff decides to file a motion to amend her complaint regarding identifying "Guard Reynolds" with more specificity.

### IV. Conclusion

In accordance with the analysis *supra*, the court will **GRANT** Defendant Robert Reynolds' motion to dismiss.

A separate order will enter.

Dated:   12/15/08                           */s/ R. Allan Edgar*
                                            R. ALLAN EDGAR
                                            UNITED STATES DISTRICT JUDGE